**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CATHERINE J. CLOUSE,**

           **Plaintiff,**

-vs-                                                    **Case No. 6:08-cv-1118-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**
_____

**MEMORANDUM OF DECISION**

Catherine J. Clouse (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits. *See* Doc. No. 1. Claimant alleges that the ALJ erred by failing to consider and weigh Claimant's fibromyalgia and by violating the pain standard. For the reasons set forth below, it is ordered that the Commissioner's decision is **REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) because the ALJ erred by failing to consider and weigh Claimant's fibromyalgia at step-two of the sequential process**.

**I.    BACKGROUND**

Claimant was born on August 23, 1952, and she obtained a Bachelor of Science degree in outdoor and recreation education. R. 29, 381-82. Claimant's past employment experience includes owning and operating a tire dealership from August 1, 1983 until June 30, 2002. R. 64, 383-89. Claimant last worked on June 30, 2002. R. 63. On June 24, 2004, Claimant filed an

application for a period of disability and disability insurance benefits, alleging an onset of disability as of June 30, 2002. R. 19, 30. Claimant alleges disability due to pain in her lower back and neck which developed after a car accident that occurred on October 11, 2001, and due to depression. R. 29-30, 43, 50, 384.

## II. DR. KLEIN

Dr. Klein was Claimant's treating physician from April 14, 2003 through the April 20, 2007 hearing, but the record contains treatment records only from April 14, 2003 through September 6, 2006. *See* R. 169-252, 336-345, 389-90. The record shows that Dr. Klein treated Claimant twenty-four times and Dr. Klein provided Claimant with forty-one physical therapy sessions. *Id*. On April 14, 2003, Dr. Klein first diagnosed Claimant with fibromyalgia and his typed records reveal that Claimant continued to have that diagnosis through at least January 12, 2004. *See* R. 174, 187, 204, 206, 211, 213, 217, 219, 228, 230, 234, 239, 246, 248, 252, 255. The remaining records are handwritten notes which continually show intermittent tenderness, chronic pain, fatigue, and headaches. R. 169, 336-45. Throughout Claimant's treatment for fibromyalgia, Dr. Klein prescribed various medications, physical therapies, numerous trigger point injections and nerve blocks. *See* R. 169-252, 336-345. Dr. Klein's records show that Plaintiff's pain and functional limitations varied over time. *Id*. On January 8, 2007, Dr. Klein opined that Claimant was not capable of working an 8 hour day for forty hours per week. R. 346-48.

## III. PROCEEDINGS BELOW

Claimant's application was denied initially and upon reconsideration. R. 48-50, 41-44. Thereafter, Claimant requested a hearing before an administrative law judge and on April 20,

2007, and May 3, 2007, a hearing was held before Administrative Law Judge Patrick F. McLaughlin. R. 376-445. The Claimant and vocational expert Jackson McKay were the only persons to testify. *Id.*

On October 25, 2007, the ALJ issued a decision that Claimant was not disabled. R. 16-28. The ALJ made the following significant findings:

1. The Claimant meets the insured status requirement of the Social Security Act through December 31, 2007;

2. The Claimant has not engaged in substantial gainful activity since June 20, 2002, the alleged onset date;

3. The Claimant has the following severe impairments: lumbar/neck strain and degenerative disc disease of the cervical and lumbar spine;

4. The Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

5. The Claimant has the residual functional capacity to perform light work with occasional climbing, balancing, stooping, kneeling, crouching and crawling; no exposure to heights and hazards; and alternate sit/stand option every thirty (30) minutes, giving the Claimant the benefit of the doubt;

6. The Claimant is capable of performing past relevant work as an assistant manager of an auto store. This work does not require the performance of work-related activities precluded by the Claimant's residual functional capacity; and

7. The Claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2002 through the date of this decision.

*Id.* Nowhere in the ALJ's decision does he address the fibromyalgia diagnosis made Claimant's treating physician, Dr. David S. Klein. *See* R. 19-28. When addressing the medical records and opinions of Dr. Klein, the ALJ stated the following:

> Beginning in April of 2003, the [C]laimant was seen at Pain Center of Orlando. On August 10, 2003, David Klein, M.D. examined the [C]laimant on a referral from Dr. Shaw. He noted that she had been

evaluated by him on July 28, 2003, and at that time, she was "doing better, receiving oral medications and peripheral nerve blocks." She was to be seen on a monthly basis for the next year or two, receiving medications, physical therapy, and nerve blocks, as her condition dictated. He noted that her medications would influence short-term memory, cognition, and the ability to concentrate. She was to restrict activities that included repetitive flexion and extension of the arms; prolonged sitting/driving; lifting/carrying no more than thirty-five (35) to forty (40) pounds; minimum working overhead, leaning forward; and no heavy machinery. The use of heavy machinery and prolonged driving was to be minimized, and the periods of rest were to be provided. This is consistent with light exertional level work. . . .

In October 2003, the [C]laimant complained of pain, numbness and tingling in her lower back and neck. She underwent a Nerve Conduction Study that showed no abnormalities. . . .

In January 2006, Dr. Klein completed a Medical Source Statement of Ability to Do Work-related Activities. In that, he opined that the [C]laimant could lift/carry 10 pounds . . . occasionally and less than 10 pounds frequently. He opined that the [C]laimant could stand/walk less than two hours in an 8 hour work day. Dr. Klein opined that the [C]laimant could never climb, balance, kneel, crouch, and/or crawl and could occasionally stoop. Dr. Klein further opined that the [C]laimant could not sustain work activity for an 8 hour work day without normal breaks for a 40 hour week. . . .

The undersigned has also considered the opinions in the record. In August 2003, Dr. Klein assessed that the [C]laimant could perform work consistent with the light exertional level. The undersigned notes that Dr. Klein completed a medical source statement dated January 8, 2006, and assessed that she can lift and/or carry less than ten (10) pounds occasionally and frequently; stand and/or walk thirty (30) minutes to an hour with normal breaks; and less than two (2) hours on a sustained basis in an 8-hour period; unlimited sitting; unlimited pushing/pulling; no climbing, balancing, kneeling, crouching, and crawling; occasional stooping; occasional reaching; frequent handling, fingering and feeling; and limited exposure to temperature extremes and noise. He opined that the [C]laimant cannot sustain work activity for an 8-hour workday with normal breaks for a 40-hour week. He further noted that these limitations still apply as of March 23, 2007. The opinions are inconsistent. Dr. Klein's later assessment is inconsistent with his treatment records which show only conservative treatment and minimal objective findings. Based on these inconsistencies, the undersigned gave

> little weight to Dr. Klein's opinions. . . . His opinion that the [C]laimant is disabled is unsupported by the objective medical evidence, specifically, medical evaluations and treatment notes, and is not given controlling weight. . . .

R. 22-26.

Regarding the weight given to the other medical opinions, the ALJ stated the following:

> More weight was given the other medical evidence of record. Dr. Magee found only minimal limitations when he examined the [C]laimant. The [C]laimant was referred to various specialists for evaluation of her impairment. No doctor found that she needed surgery for her impairments. Closer to the time of her accident, Dr. Smigielski, an orthopedic specialist, indicated that he expected healing in 3 to 4 months. He noted only that the [C]laimant was to avoid sitting for long periods of time and heavy lifting. These findings would not preclude all work activity. Dr. Reed indicated that the [C]laimant had only a 5% impairment rating following her accident.
>
> The State agency medical consultant found that the [C]laimant can perform light work, with occasional climbing, balancing, stooping, kneeling, crouching and crawling. The State agency medical opinion is given significant weight because it is consistent with other medical opinions and the record as a whole.

R. 26-27. The State Agency opinion, which the ALJ afforded significant weight, was offered by a non-examining physician and indicates that it was based on a single state agency consultative examination performed by Dr. Ed Magee. *See* R. 323-26, 328.[1]

Regarding Claimant's credibility, the ALJ made the following findings:

> After considering the evidence of record, the undersigned finds that the [C]laimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the [C]laimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

---

[1] Dr. Magee opined that Claimant suffers from Lumbago, which is pain in the lower and mid back, and her daily functioning is limited only by her pain. R. 325-26.

> The medical evidence of record does not support a conclusion that the [C]laimant is totally disabled. The evidence does not support her allegations of the severity of her pain or limitations. She has not been hospitalized nor has she had surgery. The [C]laimant has received conservative treatment only. Following her accident in October 2001, Dr. Smigielski told the [C]laimant that she could expect healing from her injuries in 3 to 4 months. She was prescribed pain medication, muscle relaxants, and therapy. Despite the [C]laimant's allegations of pain, numbness, and tingling in her neck and back, an MRI of her cervical spine in June 2003 showed no nerve root impingement. A Nerve Conduction Study in October 2003 did not show abnormalities. When he examined the [C]laimant in December 2003, Dr. Friedman indicated that her pain was well controlled on medication. When examined by Dr. Magee in March 2005, the [C]laimant had no problem getting on and off the examining table or up and out of a chair. She did not have neurologic deficits and ambulated well. Despite the [C]laimant's earlier allegations of depression, the medical evidence shows no treatment for a mental impairment. Various evaluations showed only minimal findings and no need for extensive treatment. Although the undersigned recognizes that the [C]laimant has some degree of limitation, the objective and other evidence simply does not establish that her limitations are as disabling as the [C]laimant alleges.

R. 26. Thus, the ALJ found Claimant's allegations of severe pain not entirely credible because the objective medical evidence of record did not support such severe pain. *Id*. Upon review, the Appeals Council issued a decision adopting the ALJ's findings and conclusions. R. 4-12. On July 11, 2008, Claimant filed an appeal before this Court. Doc. No. 1.

**IV.** **THE PARTIES' POSITIONS**

The Claimant assigns three errors to the Commissioner. Doc. No. 10. First, the ALJ erred by failing to consider and weigh Claimant's impairments resulting from fibromyalgia. Doc. No. 10 at 9-13 (citing *White v. Barnhart*, 336 F.Supp.2d 1183, 1189 n. 15 (N.D. Ala. 2004) (reversing in part because ALJ failed to address claimant's diagnosis of fibromyalgia)). Second, the ALJ violated the Eleventh Circuit's pain standard by requiring objective medical evidence of

the severity of both the condition at issue and the related limitations. *Id.* at 13-18 (citing *Geiger v. Apfel*, Case No. 6:99-cv-12-Orl-18DAB, 2000 WL 381920 (M.D. Fla. Feb. 9, 2000)). Finally, the ALJ erred by finding Claimant's subjective testimony "not entirely credible." *Id.* at 18-20. The Claimant requests that the Court reverse the decision and award the Claimant benefits, or, in the alternative, remand the case for further consideration. *Id.* at 20.

The Commissioner maintains that because the ALJ found for the Claimant at step-two the failure to address fibromyalgia at that step is irrelevant because the ALJ had to and did consider all Claimant's impairments and the Claimant "failed to show that her impairments, by whatever name, prevented the performance of her past relevant work." Doc. No. 13 at 4-5. Thus, the Commissioner argues the ALJ did not err by failing to consider Claimant's condition and diagnosis of fibromyalgia. Doc. No. 13 at 5. The Commissioner also asserts that the ALJ had good cause to give little or no weight to Dr. Klein's opinions because they are "not supported by objective clinical findings" and are inconsistent. *Id.* at 6. Finally, the Commissioner maintains that the ALJ properly applied the Eleventh Circuit's pain standard and set forth three reasons for finding Claimant's subjective testimony not entirely credible. *Id.* at 11-15. Thus, the Commissioner requests that his decision be affirmed. *Id.* at 15.

## V. LEGAL STANDARDS

### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order. If it is

determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b). Substantial gainful activity ("SGA") is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975. If an individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR § 404.1521. An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must

consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A mere diagnosis is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). However, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the claimant's impairment or combination of impairments

meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. In making this finding, the ALJ must consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull. *See* 20 C.F.R. § 404.1545(b). The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform the claimant's past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do his past relevant work, the claimant is

not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. 20 CFR § 404.1567. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

### B. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *accord*, *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may

be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089-92, 1095, 1098 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord*, *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 872, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[2]

## VI.    ANALYSIS

Claimant alleges that the ALJ erred by failing to consider and weigh Claimant's

---

[2] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

limitations resulting from fibromyalgia. Doc. No. 10 at 9-13. The Commissioner maintains that Claimant failed to demonstrate that her impairments, "by whatever name," including fibromyalgia, prevented the performance of her past relevant work. Doc. No. 13 at 5. At step two of the sequential analysis, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega*, 265 F.3d at 1219 (addressing chronic fatigue syndrome). Additionally, when determining a claimant's RFC, the ALJ must consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Claimant provided substantial documentation from her primary treating physician, Dr. Klein, stating that she suffers from fibromyalgia. *See* R. 169-252. Nevertheless, in his decision, the ALJ failed to mention the diagnosis or the numerous trigger point injections Claimant received as treatment for fibromyalgia. *See* R. 22-24, 26. Indeed, while the ALJ discusses Dr. Klein's ultimate opinions in detail, he failed to discuss in any significant detail the three years of treatment records Claimant provided from Dr. Klein. *See* R. 22-24, 26, 169-252, 336-45.

The Eleventh Circuit, in an unpublished decision, has observed that:

> "[Fibromyalgia's] cause or causes are unknown, there is no cure, and of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia." *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). Thus, a treating physician's determination that a patient is disabled due to fibromyalgia is even more valuable because there are no objective signs of severity and the physician must interpret the data for the reader.

*Stewart v. Apfel*, Case No. 99-6132, 2000 U.S. App. Lexis 33214 at *8-9 (11th Cir. Dec. 20, 2000).[3] The Court notes that fibromyalgia "is unique and because of the unavailability of

---

[3] In the Eleventh Circuit, unpublished decisions are persuasive but not binding authority.

objective clinical tests, it is difficult to determine the severity of the condition and its impact on one's ability to work." *Morrison v. Barnhart*, 278 F.Supp.2d 1331, 1335 (M.D. Fla. 2003). However, "[o]bjective, clinical support for a diagnosis of fibromyalgia may . . . be present if injections of pain medication to the trigger points are prescribed." *Bennett v. Barnhart*, 228 F.Supp.2d 1246, 1250 (N.D. Ala. 2003) (citing *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) (diagnosis of fibromyalgia is clinically supported by trigger point injections)).

In *White v. Barnhart*, 336 F.Supp.2d 1183, 1184-88 (N.D. Ala. 2004), the claimant was diagnosed with fibromyalgia by two treating physicians, complained of chronic pain, and received numerous trigger point injections, but the ALJ made no finding as to claimant's diagnosis and treatment for fibromyalgia and, ultimately, found that the claimant had the RFC to perform her past relevant work. *Id*. The Court reversed, in part, because the ALJ failed to address or consider the claimant's fibromyalgia diagnosis. *White*, 336 F.Supp.2d at 1189, n. 15 ("The ALJ failed to consider the diagnosis of fibromyalgia by two treating physicians. He failed to consider fibromyalgia a severe impairment and failed to explain why he was not crediting the diagnosis. He failed to conduct a meaningful analysis of her fibromyalgia. . . .").

In conjunction with the Eleventh Circuit's holding in *Vega*, 265 F.3d at 1219, the Court finds *White*, 336 F.Supp.2d at 1189, n. 15, persuasive. In the present case, it is clear the ALJ did not properly consider Claimant's diagnosis of fibromyalgia by her treating physician or evaluate what effect the symptoms of fibromyalgia may have on Claimant's ability to work. Thus, the ALJ erred in his evaluation of Claimant's claim. This error requires reversal.[4]

---

[4] Because this error requires reversal, there is no need to address whether the ALJ also violated the pain standard.

## VII. CONCLUSION

For the reasons stated above, it is **ORDERED** that the Commissioner's decision is **REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g)**. The Clerk is directed to enter judgment in favor of the Claimant and close the case.[5]

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O Box 940989
Maitland, Florida    32794

Susan R. Waldron
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida    33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration

---

[5] The Eleventh Circuit has noted that rheumatologists "may be better qualified to determine the effects of fibromyalgia because not all doctors are trained to recognize this disorder." *See Stewart*, 2000 U.S.App. LEXIS 33214 at * 8. There is no indication in the record that Claimant has been evaluated by a rheumatologist. On remand the Commissioner may elect to send Claimant to a qualified rheumatologist for a consultative examination and evaluation.

61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

The Honorable Patrick F. McLaughlin
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, Florida   32256-1224